**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| TWAUNDA FLIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:15-cv-465 |
| | ) |
| CLUB FITNESS, INC, | ) |
| CLUB FITNESS OF ALTON, L.L.C., and | ) |
| DECATUR HEALTH CLUB, LTD., | ) |
| | ) |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, CF of Fairview Heights, LLC ("CF of Fairview Heights" or "Defendant"), incorrectly sued herein as Club Fitness of Alton, L.L.C., by and through its attorneys Gordon & Rees, LLP, respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint, stating as follows:

## COUNT I

Defendant makes no response to the allegations in Count I as the allegations in Count I are not directed towards this Defendant.

## COUNT II

1.      Plaintiff Twaunda Flie was and is a resident of the City of Belleville, County of St. Clair, and State of Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and on that basis denies same.

2.      Defendant, Club Fitness is a domestic corporation organized and existing pursuant to the law, and operates Club Fitness in Fairview Heights, Illinois.

**ANSWER:** Defendant admits that CF of Fairview Heights, LLC is limited liability company organized and existing pursuant to the law, and operates Club Fitness in Fairview Heights, Illinois.

3.      At all times mentioned in this Complaint, Defendant Club Fitness invited the general public, including Plaintiff, to enter the premises in order to conduct business at the location of 1953 West Highway 50, Fairview Heights, Illinois 62208, on or about May 7, 2013.

**ANSWER:** Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint as they apply to CF of Fairview Heights. Defendant denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

4.      On or about May 7, 2013, Plaintiff was invited by Club Fitness to participate in a 7 day trial pass to use their workout facility and personal trainers.

**ANSWER:** Defendant admits that on or about May 7, 2013, Plaintiff was invited by CF of Fairview Heights to participate in a 7 day trial pass to use their workout facility.  Answering further, Defendant denies that Plaintiff was invited to use one of Defendant's personal trainers.

5.      On or about May 7, 2013, Plaintiff was being trained by one of Club Fitness's personal trainers and/or a personal trainer contracted with Club Fitness. The trainer set the speed and incline of the treadmill. After the Plaintiff began walking on the treadmill the Defendant's agent left the area to perform other tasks. The Defendant's agent did not instruct the Plaintiff how to stop the machine. Plaintiff became fatigued prior to the personal trainer returning and was unable to shut the treadmill off and ultimately fell while using the treadmill causing serious injuries to Plaintiff and damages alleged in this Complaint.

2

**ANSWER:** Defendant admits that on or about May 7, 2013, Plaintiff was being trained by a personal trainer.  Answering further, Defendant denies that the personal trainer was employed by or contracted with CF of Fairview Heights. As for the agency allegations, this allegation is a legal conclusion to which no answer is required. To the extent an answer is required, the defendant denies the personal trainer was an agent of CF of Fairview Heights. Defendant denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      The Plaintiff's fall was directly and proximately caused by the carelessness and negligence of the Defendant Club Fitness, acting through its agents in one or more of the following respects:

(a)      Defendant failed to properly instruct the Plaintiff on operation and safety features of the equipment being used;

(b)      Defendant failed to adequately supervise the Plaintiff while instructing her on the use of the equipment;

(c)      Defendant failed to set the machine at settings that were appropriate for the Plaintiff's physical condition;

(d)      and Defendant failed to properly train and supervise the employees, and/or agents who provided personal training services to the Plaintiff.

**ANSWER:** Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint, subparagraphs (a) through (d), inclusive.

7.      As a direct and proximate result of the negligence and carelessness of the Defendant Club Fitness the Plaintiff suffered serious injuries to her neck, back, hands, and arms which resulted in surgeries and ongoing treatment.

**ANSWER:** Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.    As a direct and proximate result of the Defendant Club Fitness carelessness and negligence and the injuries to the Plaintiff alleged in paragraph 7 of this Complaint, Plaintiff has incurred medical expenses and will continue to incur medical expenses in the future; has lost earning and will continue to lose future earnings; has suffered pain and discomfort and will continue to do so; has experienced a loss of a normal life, all of which will continue into the future; and other damages in excess of $50,000.00.

**ANSWER:** Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

WHEREFORE, Defendant CF of Fairview Heights, LLC denies any wrongdoing and/or liability, and therefore denies that Plaintiff is entitled to any relief, including the relief requested in Count II of the Complaint.

## COUNT III

Defendant makes no response to the allegations in Count III as the allegations in Count III are not directed towards this Defendant.

### AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant CF of Fairview Heights, LLC, pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiff's Complaint, for its Affirmative Defenses, hereby states as follows:

Defendant reserves its right to amend or supplement these defenses as further information becomes available through discovery

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff Twaunda Flie has filed a Complaint alleging personal injury resulting from an alleged occurrence on or about May 7, 2013, at or near 1953 West Highway 50, Fairview Heights, Illinois 62208.

2.      On the date and at the location of the occurrence specified by Plaintiff in her Complaint, Plaintiff was under a legal obligation to exercise ordinary care for her own safety.

3.      Notwithstanding said legal duty, Plaintiff was careless and negligent in one or more of the following ways:

        a.      Failed to follow the workout facility and/or personal trainer's safety instructions regarding use of the treadmill;

        b.      Failed to operate the treadmill in a safe manner by stepping off the treadmill while it was on;

        c.      Failed to operate the treadmill in a safe manner by attempting to get back on the treadmill while it was on;

        d.      Failed to set the machine at settings that were appropriate for the her physical condition;

        e.      Was otherwise careless or negligent in using the treadmill.

4.      Any injuries that Plaintiff sustained on the date and at the location identified in her Complaint were proximately caused by these aforesaid acts of negligence.

WHEREFORE, inasmuch as Plaintiff's own negligent conduct was the sole proximate cause of her injuries, or alternatively, because her own comparative negligence was a proximate cause of her injuries to an extent in excess of fifty percent (50%), Plaintiff Twaunda Flie is thereby barred from recovery in any amount whatsoever as against this Defendant.  In the

alternative, in the event that the trier of fact were to ascertain the Plaintiff Twaunda Flie's comparative negligence contributed to less than fifty percent (50%) of the fault from which her injuries arose, the award to Plaintiff Twaunda Flie and against this Defendant must be reduced by that factor due to the Plaintiff's own comparative negligence.

## SECOND AFFIRMATIVE DEFENSE

1.      Defendant CF of Fairview Heights, LLC did not owe a duty to Plaintiff in that it did not employ the personal trainer referred to in Plaintiff's Complaint.  Said personal trainer was not agent of CF of Fairview Heights, and CF of Fairview Heights has no joint or vicarious liability for the acts or omissions of the personal trainer referred to in Plaintiff's Complaint. Thus, Plaintiff's claims are barred because the relationship between CF of Fairview Heights and the personal trainer was that of an independent contractor.  CF of Fairview Heights was not and is not responsible for the acts or omissions of the personal trainer, as he was not acting under the control or direction of CF of Fairview Heights in assisting Plaintiff with the use of the treadmill or otherwise, thereby making the doctrines of *respondeat superior* or agency inapplicable.

## THIRD AFFIRMATIVE DEFENSE

1.      Defendant is informed and believes, and upon such information and belief alleges, that Plaintiff, by her acts, conduct and/or omissions, has waived any and all of his alleged rights to pursue the claims raised in the Complaint against Defendant.

WHEREFORE, Defendant CF of Fairview Heights, LLC, respectfully requests that this Court enter an order dismissing Plaintiff's Complaint with prejudice and without costs and for any other relief that this Court deems just and appropriate.

**DEFENDANT DEMANS A TRIAL BY JURY**


Dated:  May 4th, 2015                    Respectfully submitted,

                                         By: s/Lindsay Watson
                                         _____

                                         J. Hayes Ryan (#6274197)
                                         Lindsay A. Watson (#6301139)
                                         GORDON & REES LLP
                                         One North Franklin
                                         Suite 800
                                         Chicago, Illinois 60606
                                         (312) 565-1400
                                         *Attorneys for Defendant*
                                         *CF of Fairview Heights, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 4th, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and sent a copy of the foregoing document via first class mail, postage prepaid, addressed to:

*Attorney for Plaintiff*

BROWN & CROUPPEN, P.C.
Lane Matthews
One Metropolitan Square
211 N. Broadway, Suite 1600
St. Louis, Missouri 63102

Respectfully submitted,

By: s/Lindsay Watson

J. Hayes Ryan (#6274197)
Lindsay A. Watson (#6301139)
GORDON & REES LLP
One North Franklin
Suite 800
Chicago, Illinois 60606
(312) 565-1400
*Attorneys for Defendant*
*CF of Fairview Heights, LLC*

/23337764v.1

8